IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SCOTT,

    Petitioner,                No. 2:09-cv-1498 JFM (HC)

    vs.

RICHARD B. IVES,               ORDER[1]

    Respondent.

_____/

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the filing fee.

    A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because Congress has given jurisdiction over these petitions to different courts. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. Hernandez, 204 F.3d at 865. Jurisdiction is proper for a petition under § 2255 in the United

---

[1] On June 10, 2009, petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

1

States District Court for the District of Nebraska. However, Petitioner is confined in this district, so venue exists in this district for a petition properly brought under § 2241.

With the exception noted below, a prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). He may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); Tripati, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion).

The exception to this general bar is that a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'" United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255 ). The Ninth Circuit has recognized that the "inadequate or ineffective" exception is very narrow. Pirro, 104 F.3d at 299. For example, the remedy under § 2255 is not considered inadequate or ineffective even when a successive § 2255 motion could not be entertained by the sentencing court. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir.2000) ("§ 2241 is not available under the inadequate-or- ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas relief under § 2255 an inadequate or effective remedy).

Petitioner was convicted on July 28, 1993. (Pet. at 2.) In the petition, petitioner stated he filed his first appeal in the United States Court of Appeals for the Eighth Circuit in

Case No. 93-3054.[2]  He filed a second appeal in the United States Court of Appeals for the Eighth Circuit in Case No. 98-1942.  Through PACER,[3] the court has determined that the appeal filed in Case No. 93-3054 was the direct appeal from petitioner's conviction in the District Court of Nebraska.  Petitioner's "second appeal," filed in Case No. 98-1942, was petitioner's motion to vacate his federal sentence brought pursuant to 28 U.S.C. § 2255 in the District Court of Nebraska.  Petitioner's motion was denied on January 20, 1998.  (Docket No. 890.)

Petitioner filed an application for certificate of appealability in the Eighth Circuit Court of Appeals on April 8, 1998, which was granted on February 8, 1999.  (PACER.)  On July 7, 2000, the judgment was affirmed.  (Id.)  Petitioner's petition for writ of certiorari was denied by the United States Supreme Court on December 14, 2000.  (Id.)

Because petitioner has filed a § 2255 petition, if he tries to file another § 2255 motion there, it will be dismissed as successive under 28 U.S.C. § 2244(b) unless he first obtains permission to file a successive motion from the United States Court of Appeals for the Eighth Circuit.  See 28 U.S.C. § 2244(b)(3)(A).  However, that fact does not make federal habeas relief under § 2255 either ineffective or inadequate.  See Lorentsen, 223 F.3d at 953.  Because a § 2241 remedy is not available under the savings clause of § 2255, this petition must be treated as filed under § 2255, and this court lacks jurisdiction over it.  See 28 U.S.C. § 2255 (§ 2255 motions to be brought in sentencing court); Hernandez, 204 F.3d at 865.

Given that jurisdiction is lacking here, the court must consider whether a transfer to the United States District Court for the District of Nebraska is appropriate.  Court records reflect that his motion filed in the United States Court of Appeals for the Eighth Circuit was denied.  (Case No. 98-1942.)  If petitioner wishes to pursue claims attacking his conviction he

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] PACER is acronym for "Public Access to Court Electronic Records," a software program that enables the public and the court to view court records from other courts. <http://pacer.psc.uscourts.gov/cgi-bin/links.pl>

will have to obtain permission from the Eighth Circuit in order to file another § 2255 motion in the District of Nebraska.  <u>See</u> 28 U.S.C. § 2255 (second or successive § 2255 motion must be certified by panel of Court of Appeals as provided in § 2244).  A transfer of this petition to the United States District Court for the District of Nebraska without such permission would be futile.  Thus, the instant petition must be dismissed without prejudice for lack of jurisdiction.

        Accordingly, IT IS HEREBY ORDERED that the petition is dismissed without prejudice.

DATED:  July 9, 2009.

                UNITED STATES MAGISTRATE JUDGE

/001; scot1498.56