IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SCOTT,

    Petitioner,                      No. 2:09-cv-1498 JFM (HC)

    vs.

RICHARD B. IVES,                     ORDER

    Respondent.

_____/

        Petitioner, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 10, 2009, petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By order filed July 10, 2009, the petition was dismissed without prejudice for lack of jurisdiction. See Order filed July 10, 2009. Judgment was entered the same day. On July 23, 2009, petitioner filed a document styled as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).[1]

        This action was dismissed on the grounds that (1) the petition did not come within the so-called "savings clause" of 28 U.S.C. § 2255 and therefore was properly construed as a

---

[1] Rule 59 of the Federal Rules of Civil Procedure governs motions for new trial after a jury or nonjury trial. Rule 59(e) sets forth the time for filing a motion to alter or amend a judgment.

motion pursuant to 28 U.S.C. § 2255, rather than a habeas corpus petition pursuant to 28 U.S.C. § 2241; and (2) transfer to the district of petitioner's conviction, the United States District Court for the District of Nebraska, would be futile because petitioner had previously sought and been denied relief under § 2255 and had not obtained leave from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion.

By the present motion, petitioner apparently contests the determination that the claims in the petition do not come within the savings clause of 2255. Petitioner's contentions are without merit. Accordingly, IT IS HEREBY ORDERED that petitioner's July 23, 2009 motion for reconsideration is denied.

DATED: January 12, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
scot1498.rec